UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In Re:
MATHEIS, DON E.
MATHEIS, KATHERINE M.

Case No. 06-01255 CLB
Chapter 7

Debtor(s)

## NOTICE OF HEARING

TO ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that upon the annexed Objection by Debtors to Claims filed Pursuant to Bankruptcy Rule 3007, a motion will be heard at the:

**DATE/TIME/LOCATION OF HEARING**
Date: May 12, 2014
Time: 10:00 a.m.
United States Bankruptcy Court
Olympic Towers
300 Pearl Street, Part II
Buffalo, New York 14202

to consider a motion filed by the Debtors seeking an Order reconsidering the allowance of Claims No. 8, 9, 13, 14 and 18 pursuant to Bankruptcy Rule 3008.

Dated: April 8, 2014

BRICK, BRICK AND ELMER, P.C.

by: Sabrina M. May
Attorneys for Debtors
91 Tremont Street, P.O. Box 604
North Tonawanda, New York 14120-0604
Telephone: (716) 693-2335

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re:**<br>MATHEIS, DON E.<br>MATHEIS, KATHERINE M.<br>Debtor(s) | Case No. 06-01255 CLB<br>Chapter 7 |

## DEBTORS' MOTION TO RECONSIDER CLAIMS
## PURSUANT TO BANKRUPTCY RULE 3008

The Debtors, by their attorneys, Brick, Brick & Elmer, P.C., Sabrina M. May, Esq. of counsel, say that:

1. This case was filed under Chapter 7 on May 16, 2006. At the time, the Debtors listed an interest in a personal injury claim derived from a head injury Katherine M. Matheis sustained and the loss of consortium claim of Don E. Matheis.

2. Proof of claims were solicited in this case; the claims bar date was November 15, 2006.

3. Thereafter, a Trustee's Notice of Surplus Funds was filed on November 11, 2009 and the bar date for filing claims against surplus moneys was set as December 7, 2009.

4. The personal injury claim was settled and a Motion to Approve compromise filed on December 3, 2009 and the settlement was approved by Order of this Court dated December 30, 2009.

5. On February 22, 2010, the Trustee, Thomas A. Dorey, Esq., filed Proofs of Claim Nos. 7 through 19 pursuant to § 501(c) of the Bankruptcy Code and Bankruptcy Rule 3004 on behalf of creditors who had failed to file claims. Thereafter, on February 25, 2010, the Court sent § 501 claim letters to the creditors.

6. The Trustee filed his final report on June 23, 2010 and the matter was heard on July 19, 2010.

7. On May 13, 2011, the Trustee sent two letters to the court clerk requesting the deposit of unclaimed funds with the U.S. Treasury. The funds in those two requests represented Claim Nos.: 8, 9, 12, 13, 14, and 18.

8. The bankruptcy case of the Debtors was closed by final decree on July 25, 2011.

9. Thereafter, on August 12, 2011, creditor G.E. Money Bank requested and was granted payment of unclaimed funds for Claim No. 12.

10. On January 10, 2014, a request for payment of unclaimed funds was made for Claim No. 18, but the request was deficient and has not been corrected as of the date of this application.

11. At the time of the settlement, the Debtors, who were then represented by Philip R. Rothschild, Esq., did not claim an exemption for the Debtor spouse's consortium claim, nor did they make a claim for Katherine M. Matheis' continuing medical treatment or loss of future wages.

12. Debtor Katherine M. Matheis continues to suffer long-term, permanent side effects from the traumatic brain injury she sustained, including difficulty with her balance and walking, trouble focusing, vertigo and nausea. She is not working and both debtors are caring for their four grandchildren in their home on Don E. Matheis' approximately $40,000.00 annual employment income and temporary assistance from New York State for the care of the grandchildren.

13. Rule 3008 allows for the reconsideration of claims, and the Debtors hereby request that the Court reconsider the allowance of certain claims as a matter of equity and law.

14. The Trustee filed the claims at issue pursuant to § 501(c), and Rule 3004 of the Federal Rules of Bankruptcy Procedure, which states that: "if a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the Debtor or Trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable."

15. The claims filed on behalf of creditors, however, were not timely filed within the 30

days prescribed by Rule 3004, but rather 77 days after the expiration of the time for filing claims.

16. Pursuant to *In Re: Gregory K. Davis* (Case No.: 05-90690 MJK, WDNY), late-filed claims filed by the Trustee pursuant to § 501(c) do not enjoy the same protection enjoyed by creditors who filed late claims under § 501(a) because the Trustee had actual knowledge of the case in time for filing a timely proof of claim. The claims therefore, should be disallowed rather than allowed as a late-filed claim under § 726(a).

17. The Debtors ask the Court to disallow Claim No. 8 filed on behalf of Chase Manhattan Bank on the basis that Trustee did not file the claim on behalf of the creditor within the 30-day limitation contained in Rule 3004.

18. The Debtors ask the Court to disallow Claim No. 9 filed on behalf of Citibank on the basis that Trustee did not file the claim on behalf of the creditor within the 30-day limitation contained in Rule 3004.

19. The Debtors ask the Court to disallow Claim No. 13 filed on behalf of Harvard Collection Services, Inc. on the basis that Trustee did not file the claim on behalf of the creditor within the 30-day limitation contained in Rule 3004.

20. The Debtors ask the Court to disallow Claim No. 14 filed on behalf of Kemper Insurance on the basis that Trustee did not file the claim on behalf of the creditor within the 30-day limitation contained in Rule 3004.

21. The Debtors ask the Court to disallow Claim No. 18 filed on behalf of Sherman Acquisition on the basis that Trustee did not file the claim on behalf of the creditor within the 30-day limitation contained in Rule 3004.

22. The Debtors assert that, if the above-mentioned claims are disallowed, then the funds should be turned over to the Debtors, either as surplus funds or as assets subject to exemptions which were not properly put forth at the time of the settlement.

23. The relief requested herein has not previously been sought.

WHEREFORE, the Debtors pray for an Order disallowing Claim Nos.: 8, 9, 13, 14, and 18 and for such other and further relief as is just.

Dated: April 8, 2014

BRICK, BRICK AND ELMER, P.C.

by: _____
Sabrina M. May
Attorneys for Debtors
91 Tremont Street, P.O. Box 604
North Tonawanda, New York 14120-0604
Telephone: (716) 693-2335